# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7723 | **DATE** | 1/20/2011 |
| **CASE TITLE** | Kenneth McDowell vs. Angela Eden et al | | |

**DOCKET ENTRY TEXT**

McDowell's Motion to Proceed *In Forma Pauperis* and his Motion for Appointment of Counsel are denied. McDowell's claims are not properly before the Court and his case is dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Kenneth McDowell ("McDowell") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, McDowell's Motion to Proceed *In Forma Pauperis* and his Motion for Appointment of Counsel are denied.

McDowell attempts to bring over a dozen state and federal causes of action pursuant to 18 U.S.C. §§ 241, 242. McDowell claims that his attorneys, his wife, and his wife's attorney conspired to violate his rights pursuant to 18 U.S.C. § 241 and that the attorneys deprived him of his rights under color of law pursuant to 18 U.S.C. § 242. Specifically, McDowell alleges that his attorneys failed to "defend" his rights in the several cases his wife has pending against him and that his attorneys refused to file petitions on McDowell's behalf. McDowell also claims that one of his attorneys refused to work on his behalf because McDowell is African American and has heard the attorney make racist remarks.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize McDowell to proceed *in forma pauperis* if he is unable to pay the mandated court fees. McDowell need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, McDowell is currently unemployed but was employed from November 1, 2006 until October 30, 2008, earing $4,000 per month. McDowell received $26,832 in unemployment assistance during the past twelve months. McDowell's wife is employed and earns $2,550 per month. McDowell does not own any real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash or in a checking or savings account. Based on these facts, McDowell's financial affidavit sets forth his inability to pay the mandated court fees.

| STATEMENT |
|---|

The Court, however, must look beyond McDowell's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, McDowell alleges that his attorneys, his wife, and his wife's attorney conspired to violate his rights pursuant to 18 U.S.C. § 241 and that the attorneys deprived him of his rights under color of law pursuant to 18 U.S.C. § 242. It is, however, "well settled that [18 U.S.C. §§ 241 - 242] are criminal statutes which cannot be prosecuted by private citizens, as opposed to federal prosecutors acting on behalf of the United States of America." *See Jones v. GES Exposition Serv., Inc.* 2004 WL 2011396 at *7 n. 5 (N.D. Ill. Sept. 7, 2004) (Filip, J.) (no private right of action under 18 U.S.C. §§ 241 - 242).

Therefore, McDowell's claims are not properly before the Court and his case is dismissed. McDowell's Motion for the Appointment of Counsel is denied.